[Cite as *State v. Sybert*, 2019-Ohio-5280.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals Nos. L-18-1259
                                                                                          L-18-1260
        Appellee

                                                               Trial Court Nos. CR0199605822
v.                                                                                  CR0199605862

Robert Richard Sybert                               **DECISION AND JUDGMENT**

        Appellant                                        Decided:  December 20, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Robert Sybert, appeals the November 5, 2018 judgments of the

Lucas County Court of Common Pleas denying his petition for postconviction relief.  For

the reasons that follow, we affirm the trial court's judgments.

{¶ 2} Appellant sets forth one assignment of error:

The trial court committed an abuse of Discretion in denying appellant's petition To set aside judgments in case numbers CR 1996-5822 and CR 1996-5862[.]

**Background**

{¶ 3} On May 3, 1996, appellant was indicted in Lucas County Common Pleas case No. CR0199605862 for one count of felonious assault and one count of abduction.

{¶ 4} On May 17, 1996, appellant was indicted in Lucas County Common Pleas case No. CR0199605822 for one count of murder, which included a firearm specification.

{¶ 5} Appellant pled not guilty to the charges, and the two cases were tried together before a jury from September 16-20, 1996. On September 23, 1996, the jury returned verdicts finding appellant guilty of murder, with the accompanying firearm specification, and felonious assault, but not guilty of abduction. Appellant was sentenced to a term of imprisonment. Appellant timely appealed, and we consolidated the two cases.

{¶ 6} On appeal, appellant argued the trial court erred: (1) by denying his motion for a mistrial, which was made in response to certain comments made by the prosecutor during closing argument; (2) in ruling an attorney could not testify about statements appellant made regarding his claim of self-defense; and (3) by sealing the jury's first two verdicts and keeping them until the jury reached a verdict on the remaining count. On

2.

June 19, 1998, we affirmed the trial court's judgment. *See State v. Sybert*, 6th Dist. Lucas No. L-96-337, 1998 WL 351874 (June 19, 1998).

{¶ 7} On August 27, 1999, appellant filed a pro se petition for postconviction relief in the trial court. On January 6, 2000, the trial court denied the petition. Thereafter, appellant filed numerous pro se petitions and motions with the trial court. On June 4, 2014, appointed counsel for appellant filed a motion to dismiss all pending pro se filings. The trial court granted the motion to dismiss on June 23, 2014.

{¶ 8} On March 7, 2018, appellant, through appointed counsel, filed a petition for postconviction relief with the trial court seeking to vacate the judgment of conviction and sentence due to prosecutorial misconduct, perjury and ineffective assistance of trial counsel. Appellant argued he was prejudiced by the prosecutor's repeated misrepresentations that appellant was qualified as a Marine sharpshooter with a .45-caliber handgun, while in fact, appellant was qualified as a sharpshooter with an M-14 rifle. Appellant asserted he also suffered prejudice as a result of the perjured testimony of two police witnesses regarding the location of two expended shells found at the scene of the murder. In addition, appellant claimed he was prejudiced by the ineffective assistance of his trial counsel based on counsel's failure to retain expert witnesses. Appellant maintained a medical expert would have testified about the victim's entrance and exit wounds, and could have disputed the state's contention that the victim was shot in the back of the head, while an expert in firearms, ballistics and crime scene forensics would have

3.

aided appellant's self-defense theory and created reasonable doubt as to the location of the shell casings found at the scene and the sequence of the shots fired.

{¶ 9} In response, the state filed a motion to dismiss/motion for summary judgment arguing the postconviction petition was untimely and barred by res judicata.

{¶ 10} On November 5, 2018, the trial court issued its findings of fact, conclusions of law and judgment entry. The court found the petition was untimely and barred by res judicata, as appellant raised claims which should have been brought on direct appeal. The court granted the state's motion to dismiss/motion for summary judgment, denied a request for a hearing and denied the claims in the petition. Appellant appealed.

**Argument**

{¶ 11} Appellant argues the trial court's decision is unreasonable and ambiguous because it is not discernable whether res judicata applies to his claims regarding perjury and prosecutorial misconduct.

{¶ 12} Appellant contends after the June 1998 appellate decision, he filed a petition for postconviction relief "asserting his trial counsel was ineffective and requested assistance of counsel. The court's decision was that appellant's trial counsel met the standard for effective trial counsel and that his two other arguments would not prevail either."

{¶ 13} Appellant submits "[t]his explanation has been carried throughout the case; however, it fails to explain what the other two arguments were that appellant made at that time." Appellant argues "it is impossible to ascertain if those arguments are the same as

4.

those presented * * * in the most recent petition. Therefore, it is not discernable if res judicata applies to his petition arguments regarding perjury and prosecutorial misconduct." Appellant also contends since his trial counsel for postconviction relief dismissed all prior filings, "those dismissals were not decisions on the merits * * * and res judicata could not apply to those two arguments."

**Law**

{¶ 14} "A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 860 N.E.2d 77, 2006-Ohio-6679, ¶ 58. When reviewing a trial court's decision to deny a postconviction petition without a hearing, we apply an abuse of discretion standard. *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999). "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} R.C. 2953.21(A)(2) provides that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." However, there are several exceptions set forth in R.C. 2953.23(A)(1) and (2), whereby a trial court may entertain an untimely postconviction petition.

5.

{¶ 16} Under R.C. 2953.23(A)(1)(a), the petitioner must demonstrate either: (1) the petitioner was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to individuals in the petitioner's situation. If one of those two conditions are met, the petitioner must show that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). Under R.C. 2953.23(A)(2), the petitioner must claim actual innocence based on DNA testing.

{¶ 17} Another restriction on the statutory procedure for postconviction relief is the doctrine of res judicata. *State v. Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 12. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. To avoid the doctrine of res judicata, the claims in the petition for postconviction relief must be supported by competent, relevant, and material evidence, outside of the trial court record, which evidence did not exist or was not available for use at the time of trial. *See State v. Braden*, 10th Dist. Franklin No. 02AP-954, 2003-Ohio-2949, ¶ 27.

6.

**Analysis**

{¶ 18} A review of the record shows the trial court found appellant's March 7, 2018 petition untimely, and the exceptions under R.C. 2953.23(A) did not apply. We agree.

{¶ 19} Appellant's petition was filed nearly 20 years after our decision was rendered in his direct appeal. Although appellant averred in his March 14, 2017 affidavit, which was attached to his petition, that he "did not discover the medical reports of the gun shot to the head until 2010 as it was buried in paperwork that I had overlooked," this does not demonstrate that appellant was unavoidably prevented from discovering the facts necessary for his claims. The record reveals the medical report was an exhibit at the 1996 trial, and appellant "discovered" it in 2010, some eight years before the petition was filed. Thus, we find R.C. 2953.23(A)(1)(a) did not apply. We also find R.C. 2953.23(A)(1)(b) did not apply, as appellant did not argue a new federal or state right applies retroactively to individuals in his situation. Lastly, we conclude R.C. 2953.23(A)(2) did not apply since appellant did not assert a claim of actual innocence based on DNA testing. Accordingly, we find the trial court did not abuse its discretion in ruling appellant's successive petition for postconviction relief was untimely.

{¶ 20} The trial court also found the claims in the petition were barred by res judicata as the claims were or could have been raised at trial and/or on direct appeal. We agree.

7.

{¶ 21} Appellant's claims of prosecutorial misconduct and perjury rely on material in the trial court record and could have been raised at trial or in his direct appeal. Appellant's claim for ineffective assistance of trial counsel based on his counsel's failure to retain expert witnesses could have been raised in his direct appeal. Therefore, we find the trial court did not abuse its discretion by concluding that the claims in appellant's petition for postconviction relief were barred by res judicata.

{¶ 22} Accordingly, we find the trial court did not abuse its discretion in denying appellant's petition for postconviction relief, and appellant's assignment of error is found not well-taken.

{¶ 23} On consideration whereof, the judgments of the Lucas County Court of Common Pleas are affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE
Arlene Singer, J.

                                          _____
Thomas J. Osowik, J.                                      JUDGE
CONCUR.

                                          _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.